UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| VAIRO MARTINS, | ) ) ) | |
| Petitioner, | ) | |
| v. | ) | C.A. No. 26-cv-252-MRD-PAS |
| | ) | |
| MICHAEL NESSINGER, et al., | ) | |
| Respondents. | ) ) | |

ORDER

Before the Court is Petitioner Vairo Martins' Motion to Enforce Judgment And For Further Habeas Relief. ECF No. 6. On April 24, 2026, Petitioner, a native and citizen of Brazil, filed a Petition for Writ of Habeas Corpus. ECF No. 1. This Court granted the Petition on April 28, 2026, and ordered Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 to 10 days of the Order. Text Order, Apr. 28, 2026. On May 9, 2026, the Respondents filed a Status Report providing that, consistent with the Court's Order, the Immigration Court conducted a bond hearing on Friday, May 8, 2026. ECF No. 9. The Respondents reported that Petitioner was denied bond because the Immigration Judge ("IJ") found that Petitioner poses a flight risk. *Id.* On May 26, 2026, Petitioner filed the instant motion. ECF No. 6.

In his motion, Petitioner argues he is entitled to relief because: (1) he was denied constitutional due process in that the IJ failed to apply the proper burden of proof; (2) the IJ's findings were not supported by evidence; (3) the IJ's bond

determination was arbitrary and capricious as "lacking in evidentiary connection to current flight risk;" and (4) the IJ failed to consider less restrictive alternatives to detention. *See id.* In response, the Government makes several arguments, including that 8 U.S.C. § 1226(e) deprives this Court of jurisdiction to review the IJ's decision. ECF No. 7. In Respondents view, when boiled down, Petitioner is not properly asserting a constitutional challenge to his bond hearing, but rather, seeking judicial review of the IJ's assessment and weighing of evidence. *See id.* Having reviewed the parties' papers and exhibits attached thereto, this Court agrees that Section 1226(e) dooms Petitioner's motion.

Section 1226(e) is clear: "discretionary judgment[s] regarding the application of [Section 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." While Section 1226(e) does not strip this Court's jurisdiction over constitutional challenges or "challenges to the statutory framework that permits [the undocumented immigrant's] detention without bail," such challenges are limited. *Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003)). The challenge Petitioner raises in the pending motion is not the type of limited challenge contemplated in *Jennings v. Rodriguez*, but rather a challenge to the IJ's discretionary bond decision. Even if a Petitioner frames the challenge as a constitutional claim, Section 1226(e) precludes review of such a discretionary bond

2

decision so long as the IJ followed proper procedures during the hearing that accord with due process. *Id.*

In his initial Petition for Writ of Habeas Corpus, Petitioner asked this Court to order a bond hearing. ECF No. 1. Regardless of whether he agrees with the outcome, the bond hearing was held on May 8, 2026 and nothing suggests that the hearing process itself offended the traditional understanding of due process. The parties' submissions support that the IJ applied the correct standard, cited several pieces of evidence, and came to a reasoned conclusion that the Respondents met its burden of showing Petitioner was a flight risk.[1] Thus, this Court cannot conclude that the Respondents failed to comply with its previous judgment.

Beyond Section 1226(e), this Court notes that Petitioner has failed to seek any review from the Board of Immigration Appeals ("BIA"). The Court disagrees with Petitioner's position that such review would be futile. The BIA has the jurisdiction to determine whether Respondents met their burden with the evidence they presented at the hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021) (citing 8 C.F.R. § 236.1(d)(3)). Addressing a similar exhaustion argument, a district judge in Massachusetts has explained that whether an "IJ's cursory finding that [the petitioner] presents a flight risk [is] based on insufficient (or insufficiently articulated) evidence . . . is precisely the type of alleged error committed to review by

---

[1] Specifically, the IJ cited the Petitioner's "limited" community ties, corroborated criminal charges, and his pending immigration matters, as supportive of a finding of flight risk. The IJ also expressly acknowledged the Respondents' burden of proof as to flight risk as preponderance of the evidence. ECF No. 6-2.

the BIA . . . ." *Dos Reis v. Vitello, C.A.* No. 25-10497-RGS, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025).  Here, too, Petitioner asks this Court to "step into the shoes of the BIA and reverse the IJ's bail determination." *Id.*  Aligned with the decision in *Dos Reis v. Vitello*, this Court will decline to do so.  *Id.*   This Court concludes that the appropriate venue for Petitioner's arguments, at this point, is the BIA.

Lastly, this Court addresses Petitioner's contention that the IJ failed to consider less restrictive alternatives to detention.  On this point, the First Circuit has made it clear that the Immigration Court is "better equipped than are the federal courts to determine what alternatives to detention an IJ has the authority to enforce." *Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021).  Furthermore, the record before this Court suggests that Petitioner never raised this issue at his bond hearing. Even so, this argument is also better suited for the BIA, on which Congress has bestowed the authority to review IJ decisions.

This all considered, Petitioner's Motion to Enforce Judgment And For Further Habeas Relief, ECF No. 6, is **DENIED**.


IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge


06/23/2026